# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY JONES,<br><br>*Plaintiff*,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant*. | Civil Action No. 17-1496 (TJK) |

## MEMORANDUM OPINION

Plaintiff Jeffrey Jones, a United States Capitol Police ("USCP") officer, has brought suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), against the United States for alleged injuries he suffered when a retired officer allegedly approached him from behind and grabbed him around the neck. Before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction, ECF No. 14 ("MTD"), and Jones' motion to file a second amended complaint to add his wife as an additional plaintiff, ECF No. 17 ("Mot. to Amend"). For the reasons stated below, the Court will grant Defendant's motion and deny Jones' motion.

## I. Background

Jones is a police officer assigned to the House Division of the USCP. ECF No. 13 ("Am. Compl.") ¶¶ 6, 14. According to his amended complaint, on November 30, 2015, retired USCP officer Julian Mitchell was allowed to enter the House Division Operations Office. *Id.* ¶¶ 7, 15, 20-22. While there, Mitchell was unescorted, despite a requirement that civilians be escorted by USCP personnel at all times. *Id.* ¶¶ 23-24. In addition, Mitchell "had a reputation for grabbing other personnel by the back of the neck" of which USCP personnel were aware. *Id.* ¶ 37. After visiting a number of his former coworkers, Mitchell entered an office where Jones was working on a computer. *Id.* ¶¶ 24-25. At the time, Jones was "on duty, in uniform wearing his

bulletproof vest, gun belt and full complement of gear." *Id.* ¶ 26. Mitchell approached Jones from behind and, "suddenly and without notice, forcefully grabbed and squeezed the back of [his] neck." *Id.* ¶¶ 25, 27. Jones struggled to free himself of Mitchell's grip, the force of which was "severe." *Id.* ¶¶ 27-31. When Jones broke free, he immediately felt a painful, burning sensation in his neck. *Id.* ¶¶ 32-34.

About a week later, on December 7, 2015, Jones experienced "significant pain, burning, muscle spasms and numbness," which prompted him to seek medical treatment. *Id.* ¶ 39. Two of Jones' doctors attributed his symptoms to "Mr. Mitchell's forceful grabbing and squeezing of Mr. Jones' neck." *Id.* ¶¶ 45-46, 56-57. Despite the treatment, Jones continued to suffer from "persistent pain and muscle stiffness." *Id.* ¶ 46. As a result, he incurred significant medical expenses and was unable to work for all of 2016. *Id.* ¶¶ 60-61.

On July 26, 2017, Jones filed the instant case, bringing claims against Defendant for premises liability and negligence under the FTCA. ECF No. 1. On October 24, Jones moved to file an amended complaint that (1) added a claim for intentional infliction of emotional distress and (2) joined Meredith McMahon, his wife, as an additional plaintiff with respect to all three tort claims levied against Defendant. ECF No. 10. The Court granted the motion, but *sua sponte* dismissed McMahon's claims for lack of subject matter jurisdiction because she had not satisfied the FTCA's exhaustion requirement. ECF No. 12. On February 7, 2018, Defendant moved to dismiss the remaining claims in Jones' amended complaint for lack of subject matter jurisdiction on the ground they are precluded by the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq.* *See* MTD; ECF No. 15 ("Opp."); ECF No. 16. On May 15, 2018, Jones filed a motion to file a second amended complaint, through which he again seeks to add

McMahon as an additional plaintiff with respect to all three tort claims. *See* Mot. to Amend; ECF No. 18; ECF No. 19.

## II. Motion to Dismiss

### A. Legal Standard

Federal courts are courts of limited jurisdiction. *See Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). The law presumes that "a cause lies outside [the Court's] limited jurisdiction" unless the party asserting jurisdiction establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "plaintiffs bear the burden of establishing jurisdiction." *Knapp Med. Ctr. v. Hargan*, 875 F.3d 1125, 1128 (D.C. Cir. 2017). District courts "may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under [Rule] 12(b)(1) on the complaint standing alone." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). In such cases, courts must "accept[] as true all of the factual allegations contained in the complaint." *KiSKA Constr. Corp. v. WMATA*, 321 F.3d 1151, 1157-58 (D.C. Cir. 2003).

### B. Analysis

The Court agrees with Defendant that it lacks subject matter jurisdiction over Jones' remaining claims, and will dismiss them.

It is well established that "the United States may not be sued without its consent." *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1025 (D.C. Cir. 2006) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Moreover, the federal government's "'[s]overeign immunity is jurisdictional in nature,' so a claim barred by sovereign immunity lacks subject matter jurisdiction." *Edwards v. United States*, 211 F. Supp. 3d 234, 236 (D.D.C. 2016) (quoting

3

*FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). "The federal government may waive its sovereign immunity by statute, but that waiver 'must be unequivocally expressed in statutory text.'" *Webman*, 441 F.3d at 1025 (quoting *Lane v. Peña*, 518 U.S. 187, 192 (1996)). The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Levin v. United States*, 568 U.S. 503, 506 (2013) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)). Thus, "[w]here a plaintiff seeks money damages for torts committed by federal employees in the course of their employment, they must rely on the waiver of sovereign immunity found in the [FTCA]." *Davis v. United States*, 973 F. Supp. 2d 23, 28 (D.D.C. 2014).

FECA carves out certain suits by federal employees from the FTCA's sovereign-immunity waiver. It provides such employees with an administrative process for seeking compensation for work-related injuries. In exchange, "'federal employees are statutorily precluded from bringing suits for money damages for injuries sustained during the course of their employment,' and thus they cannot rely on the FTCA to bring work-related tort claims." *Johnson v. Mao*, 174 F. Supp. 3d 500, 522 n.14 (D.D.C. 2016) (quoting *Davis*, 973 F. Supp. 2d at 28). Indeed, this is made explicit in the text of FECA's exclusivity provision, which states:

> The liability of the United States . . . under [FECA] . . . with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States . . . to the employee, . . . [or] spouse. . . because of the injury or death[.]

5 U.S.C. § 8116(c). The Supreme Court has explained that this provision "was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983). "In enacting this provision, Congress adopted the principal compromise—the 'quid pro quo'—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed

4

benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Id.* at 194.

Here, Jones' tort claims against the United States cannot be brought under the FTCA because they are precluded by FECA. As a result, his claims are barred by the federal government's sovereign immunity and his case must be dismissed for lack of subject matter jurisdiction.

In his amended complaint, Jones makes clear that he sustained his alleged injuries during the course of his employment with the USCP. On November 30, 2015, Mitchell allegedly grabbed Jones' neck while Jones was "on duty," "in uniform," wearing his "full complement of gear," and in the course of working at his place of work. Am. Compl. ¶ 26. A week after this incident occurred, he began to experience "significant pain" while "on duty." *Id.* ¶ 39. Finally, Jones' physician's statement certified that he was "injured in performance of duty" on November 30, 2015. *Id.* ¶ 58; *see also id.* ¶ 46 (physician's reports "indicated Mr. Jones had persistent pain and muscle stiffness as a result of Mr. Mitchell's forceful grabbing and squeezing of Mr. Jones' neck"). Because Jones' alleged injuries were "sustained during the course of [his] employment," he "cannot rely on the FTCA to bring [his] work-related tort claims." *Johnson*, 174 F. Supp. 3d at 522 n.14 (quoting *Davis*, 973 F. Supp. 2d at 28). Indeed, as Defendant points out, MTD at 5-6, Jones appears to have already pursued compensation under FECA for the injuries at issue in this case. *Cf. Scott v. USPS*, 258 F. App'x 333, 333 (D.C. Cir. 2007) (affirming lower court holding that lawsuit was precluded where claims were "precisely the same as those for which [the plaintiff] previously sought to recover" under FECA).

In his opposition, Jones does not seem to contest that his premises-liability and negligence claims are within FECA's scope. However, he argues that his intentional infliction of

emotional distress ("IIED") claim does not fall "within the scope of FECA" because that claim is not based on a type of injury covered by the statute. Opp. at 9. As a result, he argues, his IIED claim is not precluded. *Id.* Although other circuits have addressed this issue, "the D.C. Circuit has not yet determined whether FECA covers intentional infliction of emotional distress." *Gilliard v. Gruenberg*, No. 16-cv-2007, 2018 WL 1471949, at *19 n.9 (D.D.C. Mar. 26, 2018); *compare Bennett v. Barnett*, 210 F.3d 272 (5th Cir. 2000) (holding FECA coverage exists for emotional-distress claims), *with Sheehan v. United States*, 896 F.2d 1168 (9th Cir. 1990) ("FECA compensates government employees only for physical harm."). At least one court in this District has held that IIED claims *are* covered by FECA (and are thus precluded here) because the statute "does not seem to distinguish IIED [claims] from other intentional torts on its face." *Davis*, 973 F. Supp. 2d at 28 n.4.

Unfortunately for Jones, under Circuit precedent, the uncertainty surrounding whether his IIED claim falls within the scope of FECA works to his disadvantage. "In light of the lack of binding authority," and because there is "at least a 'substantial question' as to whether FECA covers plaintiff's [IIED] claim," such a claim "is not properly before this Court unless and until the Secretary of Labor determines that such a claim is *not* covered by FECA." *Kalil v. Johanns*, 407 F. Supp. 2d 94, 100 (D.D.C. 2005) (citing *Daniels-Lumley v. United States*, 306 F.2d 769, 771 (D.C. Cir. 1962)); *see also Wallace v. United States,* 669 F.2d 947, 951 (4th Cir. 1982).

For the reasons stated above, the Court concludes that Jones' FTCA claims must be dismissed because they are precluded by FECA's exclusivity provision, and therefore this Court lacks subject matter jurisdiction.

### III. Motion to Amend

Under Federal Rule of Civil Procedure 15(a)(2), if a party may no longer amend his pleading as of right, then he "may amend [his] pleading only with the opposing party's written

6

consent or the court's leave," and "[t]he court should freely give leave when justice so requires." However, "[c]ourts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss." *Williams v. Lew*, 819 F.3d 466, 471 (D.C. Cir. 2016) (second alteration in original) (quoting *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).

Here, Jones seeks to file a second amended complaint adding his wife, McMahon, as an additional party—presumably with respect to all three tort claims. *See* Mot. to Amend at 11; ECF No. 17-4 (proposed second amended complaint). The Court finds that Jones' motion must be denied on futility grounds for lack of subject matter jurisdiction. Indeed, FECA's exclusivity provision precludes McMahon's proposed FTCA claims based on her husband's injuries. *See* 5 U.S.C. § 8116(c) (liability under FECA is "exclusive and instead of all other liability of the United States . . . to the employee, [and] his . . . *spouse* . . ." (emphasis added)). McMahon's proposed claims all appear to stem from Jones' injuries, and nothing in Jones' filings suggests otherwise. The Court finds that all three of McMahon's proposed claims, including the IIED claim, are precluded for reasons already discussed. Thus, the Court does not have subject matter jurisdiction over them.

## IV. Conclusion

For all of the above reasons, Defendant's motion to dismiss, ECF No. 14, will be granted and Jones' motion to file a second amended complaint, ECF No. 17, will be denied. This action will be dismissed for lack of subject matter jurisdiction, in a separate order.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 27, 2018

7